FILED
SUPERIOR COURT
OF GUAM

2022 APR 25 PM 3: 42

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PACIFIC DATA SYSTEMS, INC.,** | **CIVIL CASE NO. CV0594-21** |
| **Plaintiff,** | |
| **vs.** | |
| **OFFICE OF THE PUBLIC ACCOUNTABILITY, TERRITORY OF GUAM, GUAM HOUSING AND URBAN RENEWAL AUTHORITY, and PTI PACIFICA INC., dba IT&E,** | **DECISION AND ORDER RE TERRITORY OF GUAM'S MOTION TO DISMISS** |
| **Defendants.** | |

This matter came before the Honorable Dana A. Gutierrez on January 25, 2022 for a hearing on Defendant Territory of Guam's Motion to Dismiss (the "Motion" or the "Territory's Motion"). Present via Zoom were Attorney Joshua D. Walsh representing Plaintiff Pacific Data Systems, Inc. ("PDS"); Attorney Anthony C. Perez representing Defendant Guam Housing and Urban Renewal Authority ("GHURA"); Attorney Joseph B. McDonald representing Defendant Office of the Public Accountability ("OPA"); and Assistant Attorney General Yusuke Haffeman-Udagawa representing Defendant Territory of Guam (the "Territory"). Based on a review of the pleadings and in accordance with the applicable law, the Court now issues this Decision and Order finding the Territory's Motion moot and accepting a Rule 41(a)(1) voluntary dismissal from PDS.

## BACKGROUND

The instant matter arises out of PDS's filing of a Verified Complaint related to GHURA's

denial of PDS's Protest of GHURA's bid selection for Bid IFB#GHURA-COCC-21-003 (the "Protest") and the OPA's subsequent dismissal of PDS's Appeal of GHURA's denial of the Protest (the "Appeal"). Compl., at ¶ 11-26. On August 20, 2021, PTI Pacifica Inc. d.b.a. IT&E ("IT&E") filed their Answer to the Complaint. On September 30, 2021, GHURA filed their Answer to the Complaint.

On September 30, 2021, the OPA filed a Motion to Dismiss for Lack of Personal Jurisdiction ("OPA's Motion"). On October 18, 2021, the Territory filed a Motion to Dismiss (the "Territory's Motion") pursuant to Rule 12(b)(6) of the Guam Rules of Civil Procedure ("GRCP"). On November 12, 2021, PDS filed a Response to Defendant Territory of Guam's Motion to Dismiss indicating that except for the OPA, all parties in this case, including PDS, do not oppose the dismissal of the Territory as a party to this case. The Court heard from the parties regarding the Territory's Motion on January 25, 2022 and subsequently took this matter under advisement.

## DISCUSSION

In PDS's Response to the Territory's Motion, PDS explains that it initially named the Territory as a defendant in this action "in an abundance of caution." Response, at 2 (Nov. 12, 2021). However, on September 8, 2021, counsel for PDS wrote to counsels for all the named Defendants in this case seeking an agreement to enter into a stipulation to dismiss the Territory as a defendant. *Id.* At the January 25, 2022 hearing, PDS explained that except for the OPA, the remaining named Defendants in the case are agreeable to dismiss the Territory as a party in the case. Min. Entry, at 9:32:00-9:33:41 AM (Jan 25, 2022).

In response to this information, the Court inquired whether PDS has the right to voluntarily dismiss the Territory pursuant to Rule 41(a)(1)(i), as the Territory has not yet filed an

2

answer or a motion for summary judgment. *Id.* at 9:33:41 AM. PDS stated that it will file a Rule 41 notice of voluntary dismissal if the Court will accept it, but that PDS's counsel was unsure if Rule 41 required a signed stipulation by all parties who have entered an appearance in the case. *Id.*, at 9:33:48 AM. The OPA stated that they do not oppose the dismissal of the Territory as a party, but that they take no position. *Id.*, at 9:38:56-9:40:02 AM.

Rule 41(a) of the GRCP governs the voluntary dismissal of actions by the plaintiff. Specifically, Rule 41(a)(1)(i) provides:

> Subject to the provisions of Rule 23(e), of Rule 66, and of the Organic Act of Guam or laws of Guam, an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs[.]

Guam R. Civ. P. 41(a)(1)(i).

The Guam Supreme Court has not analyzed the meaning of Rule 41(a)(1) as it applies to dismissal of all claims against a particular defendant where more than one defendant is named, rather than the dismissal of an entire action.[1] Nor has the Guam Supreme Court addressed the issue of whether a Rule 12(b)(6) motion to dismiss precludes a plaintiff from voluntarily dismissing a defendant pursuant to Rule 41(a)(1).

However, Rule 41(a)(1) of the GRCP is modeled after its federal counterpart, and the Guam Supreme Court has relied on federal precedent when interpreting Rule 41(a)(1). Guam R. Civ. P. 41, SOURCE; *Reyes*, 2009 Guam 17 ¶ 14 (citing to federal case law to interpret the purpose of Rule 41(a)(1)). Without Guam precedent, this Court looks to federal interpretations of the analogous federal procedural rule for guidance. *M Electric Corp. v. Phil-Gets (Guam)*

---

[1] *See Reyes v. First Net Ins. Co.*, 2009 Guam 17 ¶ 13 (where the Guam Supreme Court addressed whether Rule 41(a)(1) may be appropriately applied in Small Claims Court, and the Court acknowledged that Rule 41(a)(1) "provides that a plaintiff may without court order voluntarily dismiss an action by filing a notice of dismissal before service by the opposing party of an answer or of a motion for summary judgment.").

3

*Int'l Trading Corp.*, 2016 Guam 35 ¶ 25, n. 1 ("[F]ederal decisions construing rules from which our own are derived are persuasive authority.").

With the exception of the Second and Sixth Circuits, the majority of the Federal Circuit Courts, including the Ninth Circuit, have held that Rule 41(a)(1) does properly apply when there are multiple defendants and the plaintiff wishes to dismiss all of its claims against one of the defendants. 1 Fed. R. Civ. P., Rules and Commentary, Rule 41 (2022) (citing *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687 (9th Cir. 2005); *Pedrina v. Chun*, 987 F.2d 608, 610 n.2, (9th Cir. 1993) (listing other circuits); *Cabrera v. Municipality of Bayamon*, 622 F.2d 4, 6 (1st Cir. 1980); *Plains Growers, Inc. By and Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254–55 (5th Cir. 1973) (additional citations omitted)).

In *Hells Canyon*, the Ninth Circuit stated that "[m]ost contemporary courts, including our own, have declined to read [Rule 41(a)] literally as permitting the dismissal only of an *entire* action against *all* defendants." *Hells Canyon*, 403 F.3d at 687. The *Hells Canyon* Court clarified that this rule permits voluntary "dismissal of *all* claims against *one* defendant, so that a defendant may be dismissed from the entire action[,]" whereas a Rule 15 motion to amend is the more appropriate mode by which a plaintiff may dismiss some claims against a defendant remaining in the case. *Id.* at 687-88.

Additionally, under Rule 41(a)(1), a plaintiff "has the right to dismiss his case at any time before the opposing party serves either an answer or a motion for summary judgment." 1 Fed. R. Civ. P., Rules and Commentary, Rule 41 (2022). "Courts take this language literally and have held that other types of filings or motions by the defendant do not cut off the plaintiff's right to dismiss by notice." *Id.* (citing *American Soccer Co., Inc. v. Score First Enterprises, a Div. of*

---

*Kevlar Industries*, 187 F.3d 1108, 1111-12 (9th Cir. 1999); *Hamilton v. Shearson-Lehman American Exp., Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987) (additional citations omitted)).

Specifically, a "defending party's motion to dismiss is not an answer or a motion for summary judgment so it does not cut off the claimant's right of voluntarily [sic] dismissal," except where the court converts "a Rule 12(b)(6) motion to dismiss to one for summary judgment before the dismissal notice is filed[.]" *Id.* (citing *Swedberg v. Marotzke*, 339 F.3d 1139, 1143 (9th Cir. 2003) (additional citations omitted)).

Lastly, where an action names multiple defendants, and one defendant has answered or moved for summary judgment but another defendant has not, the Ninth Circuit has held that the plaintiff may still dismiss the defendant that has not answered or moved for summary judgment through a notice of voluntary dismissal, which does not require a stipulation signed by all parties who have appeared, nor a court order. *Constantinides v. Los Angeles County Sheriff*, 955 F.2d 47, at *1 (9th Cir. 1992); *see* 1 Fed. R. Civ. P., Rules and Commentary, Rule 41 (2022) (additional citations omitted).

Here, PDS seeks to dismiss all claims against one defendant—namely, the Territory. Response, at 2. The OPA has filed only a Rule 12(b)(6) motion to dismiss which does not request that the Court convert its Motion to a motion for summary judgment. *See* Territory's Motion, at 1-7. At the hearing on the Motion, PDS stated that it will file a Rule 41 notice of voluntary dismissal if the Court will accept it, but that PDS's counsel was unsure if Rule 41 required a signed stipulation by all parties who have entered an appearance in the case. Min. Entry, at 9:33:48 AM (Jan. 25, 2022).

Because PDS seeks to dismiss *all* claims against *one* defendant—the Territory—and because the Territory has not filed an answer nor a motion for summary judgment, PDS has the

**DECISION AND ORDER RE TERRITORY OF GUAM'S MOTION TO DISMISS**
*CV0594-21; Pacific Data Systems, Inc. v. Office of Public Accountability, Territory of Guam, Guam
Housing and Urban Renewal Authority, and PTI Pacifica Inc. dba IT&E*

right to voluntarily dismiss the Territory as a defendant in this case by filing a Rule 41(a)(1)(i) notice of voluntary dismissal, without the need for a court order. 1 Fed. R. Civ. P., Rules and Commentary, Rule 41 (2022) (citing *Hells Canyon*, 403 F.3d at 687; *American Soccer Co., Inc*, 187 F.3d at 1111-12; *Hamilton*, 813 F.2d at 1535; *Swedberg*, 339 F.3d at 1143 (additional citations omitted)).

Although other named defendants have filed an answer, the agreement or stipulation of the remaining named defendants is not required for PDS to dismiss the Territory through a notice. *Constantinides*, 955 F.2d at *1; *see* 1 Fed. R. Civ. P., Rules and Commentary, Rule 41 (2022) (additional citations omitted). Therefore, this Court finds the Territory's Motion to Dismiss moot, and holds that because PDS seeks to dismiss the Territory as a party to this action, a Rule 41(a)(1)(i) notice of voluntary dismissal offered to be filed by PDS is the appropriate mechanism for PDS to achieve the dismissal of the Territory.

## CONCLUSION

In accordance with the applicable law, the Court hereby finds the Territory's Motion to Dismiss **MOOT**. The Court further **ORDERS** that, as requested by PDS, PDS shall file its Rule 41(a)(1)(i) notice of voluntary dismissal regarding the Territory by **May 5, 2022**, obviating the need for a court order or a stipulation signed by all the parties.

SO ORDERED: ___APR 2 5 2022___

HONORABLE DANA A. GUTIERREZ
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

Date:_____ Time:_4/25/22_
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

6